# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Donna T. Taylor, individually and on behalf of all others similarly situated, )
)
Plaintiff, )
)
v. ) No.
)
Cavalry Investment, LLC, a Delaware limited liability company, )
)
Defendant. ) Jury Demanded



## CLASS ACTION COMPLAINT

Plaintiff, Donna T. Taylor, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages by reason of Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff, Donna T. Taylor, is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed originally to "Bank One".

4.      Defendant, Cavalry Investments, LLC, is a Delaware limited liability company ("Cavalry"), which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails to collect, or attempt to collect, consumer debts in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

5.      Defendant sent Plaintiff Taylor an initial form collection letter, dated February 23, 2001, demanding payment for a consumer debt that she allegedly owed originally to Bank One. This letter was sent within one year of this Complaint and is attached as Exhibit A.

6.      The statements in Defendant's form collection letter are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

## COUNT I
## Violation of § 1692g –
## Overshadowing the Validation Notice

7.      Plaintiff adopts and realleges ¶¶ 1-6.

8.      Section 1692g of the FDCPA requires that Defendant's first communication to a consumer include an effective validation notice, i.e., notice that the consumer has 30 days to request, in writing, that the debt collector provide proof of the debt's validity to the consumer.

9.      Although Defendant's initial form collection letter contained the statutorily required notice, other language in Defendant's form debt collection letter overshadowed, and thus rendered ineffective, the validation notice. Specifically,

2

Defendant's demand that Plaintiff "[a]ct now to satisfy this debt" overshadows, and thus renders ineffective, the validation notice because it confuses unsophisticated consumers as to whether they must act immediately, *i.e.*, "now", or whether they have 30 days to dispute the validity of the alleged debt. (See, Bartlett, 128 F.3d at 501; Chauncey, 118 F.3d at 519; Avila, 84 F.3d at 226). Defendant's collection letter thus violates §1692g of the FDCPA.

10. Defendant's violation of §1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT II
## Violation of § 1692g(a)(1) –
## Failure to State Adequately the Amount of the Debt

11. Plaintiff adopts and realleges ¶¶ 1-6.

12. Section 1692g(a)(1) of the FDCPA requires that a debt collector provide the consumer with a statement of the amount of the debt. Although Cavalry's form debt collection letter states, a "TOTAL BALANCE DUE" of $2,314.13, it then later states that "YOUR ACCOUNT BALANCE MAY BE PERIODICALLY INCREASED DUE TO THE ADDITION OF ACCRUED INTEREST OR OTHER CHARGES...". Thus, a consumer has no idea of the amount of the debt Defendant is attempting to collect because the letter fails to inform the consumer whether the "TOTAL BALANCE DUE" is as of the date of the letter, and fails to inform the consumer of the date from which the additional interest or other charges are accruing. (See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872 (7th Cir. 2000); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 198 F.R.D. 503 (N.D.Ill. 2001); Wilkerson v.

3

Bowman, 200 F.R.D. 605 (N.D.111. 2001)). Defendant's form debt collection letter thus violates § 1692g(a)(1) of the FDCPA.

13. Defendant's violation of §1692g(a)(1) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## CLASS ALLEGATIONS

14. Plaintiff, Donna T. Taylor, brings this action individually and as a class action on behalf of all similarly situated Illinois residents from whom Defendant attempted to collect a consumer debt, allegedly owed originally to Bank One, from one year before the date of this Complaint to the present, via the same form collection letter it sent Plaintiff, which is attached as Exhibit A. This action seeks a declaration that the form of Defendant's collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

15. Defendant regularly engages in debt collection using the same form letter received by Plaintiff in its attempts to collect from other persons.

16. The Class consists of more than 35 persons from whom Defendant attempted to collect consumer debts by sending other consumers the same form letter it sent Plaintiff Taylor.

17. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. The prosecution of separate actions by individual members of the Class

4

would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

19. Plaintiff Taylor will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Donna T. Taylor prays that this Court:

1. Certify this action as a class action;

2. Appoint Donna T. Taylor as representative of the class, and her attorneys as class counsel;

3. Declare that the form of Defendant's collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Donna T. Taylor demands trial by jury.

> Donna T. Taylor, individually and on behalf of all others similarly situated
>
> _____
> One of Plaintiff's Attorneys

Dated: January 31, 2002

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

P.O. BOX 80127
PHOENIX, AZ 85060

Address Service Requested

February 23, 2001

INVESTMENTS, LLC
P.O. BOX 80127
PHOENIX, AZ 85060
(602) 667-0128

**ACCT#** 00194909
**REF** OSI - BANK ONE
**LOAN#** 851100000037863

DONNA T TAYLOR
7354 S KING DR
#1
CHICAGO, IL 60619-1728

**PRINCIPAL BALANCE** $ 1,802.90
**INTEREST** $ 511.23
**ACCRUED INTEREST** $ 0.00
**OTHER CHARGES** $ 0.00
**TOTAL BALANCE DUE** $ 2,314.13

Dear DONNA T TAYLOR:

Cavalry Investments, LLC purchased your account from OSI - BANK ONE.

It is important that you:

❋ CONTACT US TO ARRANGE REPAYMENT TERMS.

❋ FORWARD ALL FUTURE PAYMENTS TO THE ABOVE ADDRESS IN ORDER TO INSURE PROPER CREDIT AND AVOID DELAYS IN PAYMENT POSTING

You may speak to an Account Representative to resolve your account by calling MR HAERTEL @ 1-888-689-7256. Act now to satisfy this debt.

Unless you notify us in writing within thirty (30) days after the receipt of this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

If you notify us in writing within thirty (30) days after the receipt of this notice that you dispute the debt or any portion thereof, we will obtain verification of the debt or we will mail you a copy of the judgment.

If you request in writing within thirty (30) days after the receipt of this notice, the name and address of the original creditor will be provided to you.

YOUR ACCOUNT BALANCE MAY BE PERIODICALLY INCREASED DUE TO THE ADDITION OF ACCRUED INTEREST OR OTHER CHARGES AS PROVIDED IN YOUR AGREEMENT WITH YOUR CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.

- - - - - - - - - - - - - - - - - - - PLEASE DETACH AND RETURN THIS PORTION IN THE ENCLOSED ENVELOPE - - - - - - - - - - - - - - - - - - -

DONNA T TAYLOR
7354 S KING DR
#1
CHICAGO, IL 60619-1728

**ACCT#** 00194909
**REF** OSI - BANK ONE
**LOAN#** 851100000037863

**PRINCIPAL BALANCE** $ 1,802.90
**INTEREST** $ 511.23
**ACCRUED INTEREST** $ 0.00
**OTHER CHARGES** $ 0.00
**TOTAL BALANCE DUE** $ 2,314.13

CAVALRY INVESTMENTS, LLC
P.O. BOX 80127
PHOENIX, AZ 85060

Enter Amount Enclosed: $_____


EXHIBIT A

JL9D.CIL009.2.02/22/01B.00060 60

44
v. 07/89)

# CIVIL COVER SHEET

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local s of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket t. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## a) PLAINTIFFS
Donna T. Taylor, individually and on behalf of all others similalry situated,

## DEFENDANTS
Cavalry Investment, LLC, a Delaware limited liability company

**DOCKETED FEB 01 2002**

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Cook___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gomolinski & Philipps, Ltd.
8855 South Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900

ATTORNEYS (IF KNOWN)

**02C 0786**

**JUDGE MORAN**

**MAGISTRATE JUDGE BOBRICK**

## BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □1 | □1 | Incorporated or Principal Place of Business In This State | □4 | □4 |
| Citizen of Another State | □2 | □2 | Incorporated and Principal Place of Business in Another State | □5 | □5 |
| Citizen or Subject of a Foreign Country | □3 | □3 | Foreign Nation | □6 | □6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Fair Debt Collection Practices Act; 15 U.S.C. Section 1692 et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| 120 Marine | □ 310 Airplane | □ 362 Personal Injury—Med Malpractice | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| 130 Miller Act | □ 315 Airplane Product Liability | □ 365 Personal Injury—Product Liability | □ 625 Drug Related Seizure of Property 21 USC 881 | | □ 430 Banks and Banking |
| 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 368 Asbestos Personal Injury Product Liability | □ 630 Liquor Laws | PROPERTY RIGHTS | □ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | | □ 640 R.R. & Truck | □ 820 Copyrights | □ 460 Deportation |
| 151 Medicare Act | □ 340 Marine | PERSONAL PROPERTY | □ 650 Airline Regs | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 345 Marine Product Liability | □ 370 Other Fraud | □ 660 Occupational Safety/Health | □ 840 Trademark | □ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle | □ 371 Truth in Lending | □ 690 Other | LABOR | □ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability | □ 380 Other Personal Property Damage | | SOCIAL SECURITY | □ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | □ 360 Other Personal Injury | □ 385 Property Damage Product Liability | □ 710 Fair Labor Standards Act | □ 861 HIA (1395ff) | □ 891 Agricultural Acts |
| 195 Contract Product Liability | | | □ 720 Labor/Mgmt. Relations | □ 862 Black Lung (923) | □ 892 Economic Stabilization Act |
| | | | □ 730 Labor/Mgmt. Reporting & Disclosure Act | □ 863 DIWC/DIWW (405(g)) | □ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | □ 864 SSID Title XVI | □ 894 Energy Allocation Act |
| 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate Sentence | □ 740 Railway Labor Act | □ 865 RSI (405(g)) | □ 895 Freedom of Information Act |
| 220 Foreclosure | □ 442 Employment | Habeas Corpus: | □ 790 Other Labor Litigation | FEDERAL TAX SUITS | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | □ 443 Housing/Accommodations | □ 530 General | □ 791 Empl. Ret. Inc. Security Act | □ 870 Taxes (U.S. Plaintiff or Defendant) | |
| 240 Torts to Land | □ 444 Welfare | □ 535 Death Penalty | | □ 871 IRS—Third Party 26 USC 7609 | □ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | □ 440 Other Civil Rights | □ 540 Mandamus & Other | | | [X] 890 Other Statutory Actions |
| 290 All Other Real Property | | □ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify)
- □ 6 Multidistrict Litigation
- □ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[X] UNDER F.R.C.P. 23

DEMAND $ Declaratory relief, statutory damages, costs, attorneys fees

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES □ NO

## VIII. REMARKS
In response to [X] is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case □ is a refiling of case number _____ of Judge _____

DATE 1/31/02   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of Donna T. Taylor, individually and on behalf of all others similarly situated, v. Cavalry Investment, LLC, a Delaware limited liability company.

**DOCKETED FEB 0 2002**

Case Number: **02C 0786**

**JUDGE MORAN**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Donna T. Taylor, individually and on behalf of all others similarly situated.

**MAGISTRATE JUDGE BOBRICK**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: David J. Philipps | NAME: Mary E. Philipps |
| FIRM: Gomolinski & Philipps, Ltd. | FIRM: Gomolinski & Philipps, Ltd. |
| STREET ADDRESS: 8855 S. Roberts Road | STREET ADDRESS: 8855 S. Roberts Road |
| CITY/STATE/ZIP: Hickory Hills, Illinois 60457 | CITY/STATE/ZIP: Hickory Hills, Illinois 60457 |
| TELEPHONE NUMBER: 708-974-2900 | TELEPHONE NUMBER: 708-974-2900 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): Ill. Bar No. 06196285 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): Ill. Bar No. 06197113 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED 02 JAN 31 PM 2:22 U.S. DISTRICT COURT