⑨

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 786 | **DATE** | 5/8/2002 |
| **CASE TITLE** | Donna T. Taylor etc. Vs. Cavalry Investment, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for judgment on the pleadings is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | **Document Number** |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAY 0 9 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | ⑨ |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| WAH | courtroom deputy's initials | | CLERK, U.S. DISTRICT COURT 02 MAY -8 PM 4:59 | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONNA T. TAYLOR, individually and )
on behalf of all others similarly situated, )
)
Plaintiff, )
)
vs. )   No. 02 C 786
)
CAVALRY INVESTMENT, LLC, a )
Delaware limited liability company, )
)
Defendant. )

DOCKETED
MAY - 9 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Donna Taylor brings this purported class action against defendant Cavalry Investment, LLC, claiming violations of the Fair Debt Collection Practices Act (FDCPA). Defendant now moves for judgment on the pleadings. For the following reasons, defendant's motion is granted.

On February 23, 2001, plaintiff received a debt collection letter from defendant, attached to her complaint as exhibit A, which she claims violates sections of the FDCPA since it did not properly notify her of her right to request validation of the debt and did not adequately state the amount of the debt. Defendant does not contest that it sent the letter, but asserts that its contents fail to support plaintiff's claims.

A Fed.R.Civ.P. 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989). Accordingly, we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in a plaintiff's favor. Midwest Grinding

<u>Co. v. Spitz</u>, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) *citing* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Under the FDCPA a debt collector is required to notify a consumer debtor that she has thirty days to request various information from the collector, including validation of the debt. 15 U.S.C. 1692g. The letter must also state that if the consumer does not notify the debt collector that she wants information, the collector will assume the debt is valid. If the consumer requests the identified information within thirty days, the collector must cease collection of the debt until the information is provided to the consumer. 15 U.S.C. 1692g(b).

Defendant's letter includes the statutorily required language. One line above the required validation notice language in the letter states:

> You may speak to an Account Representative to resolve your account, by calling [representative's name] @ [representative's phone number]. Act now to satisfy this debt.

Plaintiff claims that the statement "[a]ct now to satisfy this debt" is a demand for payment which overshadows and resultantly renders ineffective the notice language that follows.

A debt collection letter is in violation of the FDCPA if the required disclosures are in a form or context in which they are unlikely to be understood by an unsophisticated consumer. <u>Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th Cir. 1997). Plaintiff is correct that this implied duty to avoid confusion can be violated if another part of a letter contradicts or overshadows the required notice. *Id.* A letter that both demands payment and identifies a consumer's right to obtain verification of the debt can be confusing if it fails to explain how these two provisions fit together. *See e.g.* <u>Chauncey v. JDR Recovery Corp.</u>, 118 F.3d 516 (7th Cir. 1997); <u>Avila</u>

v. Rubin, 84 F.3d 222 (7th Cir. 1996).

Here, the required validation notice is prominently displayed, and it is clear that the recipient has thirty days to determine her position if she so chooses. The debt collector wants the debt satisfied and has provided a means for satisfying the obligation. The provision "Act now to satisfy this debt" comes immediately after the sentence "[y]ou *may* speak to an Account Representative…"(emphasis added). This is not a situation where the defendant has demanded payment with a threat of action if the debt is not satisfied in a certain amount of time. See Chauncey at 518; Avila at 226; Bartlett at 499. We also note that the required disclosures are in the same type size as the line above it, and are laid out in the middle of the page. There is nothing in the letter that could be interpreted, even by an unsophisticated consumer, as overshadowing the validation notice disclosures.

Plaintiff also claims that defendant has failed to include a statement of the amount due, as required by 15 U.S.C. 1692g(a)(1). Near the top of the letter is the following information:

| PRINCIPAL BALANCE | $ 1,802.90 |
| INTEREST | $  511.23 |
| ACCRUED INTEREST | $   0.00 |
| OTHER CHARGES | $   0.00 |
| TOTAL BALANCE DUE | $ 2,314.13 |

The letter additionally includes the statement:

"YOUR ACCOUNT BALANCE MAY BE PERIODICALLY INCREASED DUE TO THE ADDITION OF ACCRUED INTEREST OR OTHER CHARGES AS PROVIDED IN YOUR AGREEMENT WITH YOUR CREDITOR."

Plaintiff argues that the letter is unclear as to whether she owes the amount listed next to the total balance due or whether there have been additional charges since that total was calculated.

To satisfy the FDCPA, a debt collection letter must state the total amount due from the

consumer, not just a partial amount such as the unpaid principal balance. <u>Miller v. McCalla,</u>

<u>Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.</u>, 214 F.3d 872, 875 (7th Cir. 2000). The

defendant is not required to state what the total amount due will be at some future date, with

expected interest. Rather, it must state clearly the total amount due at the time the letter was

sent. *Id.* Defendant has done that here. It is clear that at the time of the letter the accrued

interest amount was zero and there were no other charges. The letter breaks down the unpaid

principal and the interest amounts, and states the total amount due, as required by the

FDCPA. The statement regarding potential future increases in the amount due does not

undermine the clarity of the total amounts provided at the time the letter was sent out.

The debt collection letter here meets the requirements of the FDCPA. Defendant's

motion for judgment on the pleadings is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 8 , 2002.