DONNA TAYLOR, individually and on behalf of all )
others similarly situated, )
)
)
Plaintiffs, )
) No.   **02 C 0786**
)
vs. )
) Judge Moran
)
CAVALRY INVESTMENT, L.L.C., a Delaware )
Limited Liability Company, ) Magistrate Bobrick
)
Defendant. )

**FILED**

**NOTICE OF FILING**

MAY 0 8 2002

To:  David Phillips
     Gomolinski & Phillips, Ltd.
     8855 S. Roberts Rd.
     Hickory Hills, IL 60457

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PLEASE TAKE NOTICE THAT on **May 8, 2002**, Defendant, CAVALRY INVESTMENT, L.L.C., by its

attorneys, filed the following documents with the Clerk of the District Court for the Northern District of Illinois,

Eastern Division:

- **Motion for Summary Judgment**

CAVALRY INVESTMENT, L.L.C.

By: _____
        David Cybak, for
        Robert Cybak & Associates

David Cybak, #6273823
Robert Cybak & Associates
Attorneys for CAVALRY INVESTMENT, L.L.C.
33 N. LaSalle, Suite 1930
Chicago, IL 60602
(312) 236-3580

**PROOF OF SERVICE BY MAIL**

I, David Cybak, the attorney, certify that I served this Notice by mailing a copy to the above-stated
addressee(s) at the above-stated address(es) and depositing the same in the U.S. Mail at 33 N. LaSalle
Street, Chicago, IL at 5:00 p.m. on May 8, 2002 with proper postage prepaid.

_____
                David Cybak

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DONNA T. TAYLOR, individually and on )
behalf of all others similarly situated, )
                                                 )
      Plaintiff, )
                                                 )    No.    02 C 0786
      v. )
CAVALRY INVESTMENT, L.L.C., a )   Judge Moran
Delaware Limited Liability Company, )
                                                 )    Magistrate Bobrick
      Defendant. )

DOCKETED MAY - 9 2002

FILED

MAY 0 8 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR SUMMARY JUDGMENT

Defendant, CAVALRY INVESTMENT, L.L.C., ("CAVALRY"), by its attorneys, Robert Cybak & Associates, moves for Summary Judgment against Plaintiff, DONNA T. TAYLOR, ("TAYLOR") pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

1. On January 31, 2002, TAYLOR, individually and on behalf of all others similarly situated, filed a two-count class action complaint against CAVALRY. (A Copy of which is attached hereto as exhibit "A").

2. Both counts of TAYLOR's complaint allege that a collection letter she received from CAVALRY violates the Fair Debt Collection Practices Act ("FDCPA").

3. On February 28, 2002, CAVALRY filed its Answer to TAYLOR's complaint. (A Copy of which is attached hereto as Exhibit "B").

4. In Count I, TAYLOR contends that although CAVALRY's collection letter contained the "validation notice" required by § 1692g of the FDCPA, additional language "overshadowed" the validation notice and rendered it ineffective because it <u>confuses</u> an "unsophisticated consumer" as to whether they must act immediately or whether they have 30 days to dispute the validity of the debt.

5. The additional language TAYLOR contends overshadows the validation notice is: "act now to satisfy this debt".

6. In Count II, TAYLOR contends that CAVALRY's collection letter violates § 1692g(a)(1) of the

FDCPA because the letter fails to "state the amount of the debt". TAYLOR contends that although the letter states a "TOTAL BALANCE DUE" of $2,314.13, the letter then later states that "YOUR ACCOUNT BALANCE MAY BE PERIODICALLY INCREASED DUE TO THE ADDITION OF ACCRUED INTEREST OR OTHER CHARGES." Plaintiff contends that an "unsophisticated consumer" is likely to be confused by the letter because they would have no idea of the amount of the debt defendant is attempting to collect because the letter fails to inform the consumer whether the "TOTAL BALANCE DUE" is as of the date of the letter, and further, the letter does not state from what date these additional interest or other charges are accruing.

7. The pleadings, together with the admissions on file show that there is no genuine issue as to any material fact, and that CAVALRY is entitled to judgment as a matter of law.


WHEREFORE, Defendant, CAVALRY INVESTMENT, LLC , respectfully requests that Summary Judgment be entered in its favor on Counts I and II under Rule 56.


CAVALRY INVESTMENTS, LLC

By: _____

David Cybak, for Robert Cybak & Associates,
Attorneys for CAVALRY INVESTMENTS, LLC


DAVID CYBAK, ARDC # 6273823
Robert Cybak & Associates
Attorneys for CAVALRY
33 N. LaSalle, 1930
Chicago, IL 60602
312-236-3580

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DONNA T. TAYLOR, individually and on )
behalf of all others similarly situated, )
                                  )
      Plaintiff,                     )
                                    )    **No.    02 C 0786**
      v.                            )
CAVALRY INVESTMENT, L.L.C., a )    Judge Moran
Delaware Limited Liability Company, )
                                    )    Magistrate Bobrick
      Defendant.             )

**LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

        Pursuant to Local Rule 56.1(a)(3) and in support of its Motion for Summary Judgment, CAVALRY

states that there are no genuine issues as to the following material facts:

1.      The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C.

        § 1331.  (Compl. ¶ 3, Ans. ¶ 3).

2.      Venue is proper in this District because the acts and transactions occurred here, TAYLOR resides here

        and CAVALRY transacts business here.  (Compl. ¶ 2, Ans. ¶ 2).

3.      TAYLOR is a citizen of the State of Illinois residing in the Northern District of Illinois from whom

        CAVALRY attempted to collect a consumer debt allegedly owed to BANK ONE.  (Compl. ¶ 3, Ans.

        ¶ 3.)

4.      CAVALRY is a Delaware limited liability company which acts as a "debt collector" as defined by

        1692(a) of the FDCPA, because it regularly uses the mails to collect, or attempt to collect, consumer

        debts.  (Compl ¶ 4; Ans. ¶ 4).

5.      CAVALRY sent TAYLOR an initial form collection letter dated February 23, 2001 demanding

        payment for a consumer debt that she allegedly owed originally to BANK ONE.  (Compl ¶ 5; Ans. ¶

        5).  (A copy of the letter is attached as Exhibit "A" to plaintiff's complaint).

6.      Section 1692 of the FDCPA requires a validation notice in the first communication to a debtor

regarding the collection of a debt. (Compl ¶ 8; Ans. ¶ 8).

7.    CAVALRY's initial communication letter contained the statutorily required validation notice. (Compl ¶ 9; Ans. ¶ 9).

8.    Section 1692g(a)(1) of the FDCPA requires that a debt collector provide the consumer with statement of the "amount of the debt". (Compl ¶ 12; Ans. ¶ 12).

9.    The statements in collection letter sent by CAVALRY are to be interpreted under the "unsophisticated consumer" standard. (Compl ¶ 6; Ans. ¶ 6); (Compl ¶ 11; Ans. ¶ 11).

10.   On March 14, 2002, CAVALRY served TAYLOR with Requests to Admit Facts pursuant to FRCP 36. (A copy of which is attached hereto as Exhibit "C").

11.   TAYLOR failed to deny or otherwise object to any of CAVALRY's Requests with in the 30 day period proscribed by FRCP 36. Consequently, the factual propositions set forth in CAVALRY's Requests are admitted, and conclusively established. **FRCP 36**; **Mangan v. Broderick & Bascom Rope Co.** 351 F.2d 24 (7th Cir. 1965).

12.   CAVALRY's Requests to Admit Facts conclusively establishes the following:

   a.   That at the time of filing the complaint herein Plaintiff had no expert testimony indicating that Ex. "A", attached to Plaintiff's complaint, i.e., CAVALRY's collection letter, was confusing.
   b.   That at the time of filing the complaint herein Plaintiff had no objective observers, other than the Plaintiff, indicating that CAVALRY's collection letter was confusing.
   c.   That at the time of filing the complaint herein, plaintiff had no evidence in the form of survey evidence or testimony indicating that CAVALRY's collection letter was confusing.

CAVALRY INVESTMENTS, LLC

By: _____

David Cybak, for Robert Cybak & Associates,
Attorneys for CAVALRY INVESTMENTS, LLC

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



DONNA T. TAYLOR, individually and on )
behalf of all others similarly situated, )
                                )
     Plaintiff, )
                                )     No.    02 C 0786
     v. )
CAVALRY INVESTMENT, L.L.C., a )     Judge Moran
Delaware Limited Liability Company, )
                                )     Magistrate Bobrick
     Defendant. )

DOCKETED
MAY - 9 2002

FILED
MAY 0 8 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM OF LAW
## AND ARGUMENT

     Pursuant to Local Rule 56.1(a)(2), and in support of its Motion for Summary Judgment, Defendant,

CAVALRY states as follows:

1.     Both counts of TAYLOR's complaint seek recovery on the basis that CAVALRY's collection letter

     violates the FDCPA because it is likely to <u>confuse</u> the "unsophisticated consumer".

2.     The Seventh Circuit has held that the issue of confusion is a question of fact, not a question of law.

     **Bartlett v. Heibl**, 128 F3d 497, 501 (7th Cir. 1997). On a motion for summary judgment, this means

     that the plaintiff must offer some evidence that creates a triable issue as to whether the collection letter

     is likely to confuse the "unsophisticated debtor". **Johnson v. Revenue Management Corp.**, 167 F.3d

     1057, 1060 (7th Cir. 1999; **Walker v. National Recovery, Inc.**, 200 F3d 500 (7th Cir. 1999). Under

     the unsophisticated debtor standard, a statement will not be confusing or misleading unless a

     significant fraction of the population would similarly be misled.    **Pettit v. Retrieval Masters**

     **Creditors Bureau, Inc.**, 211 F.3d 1057, 1060 (7th Cir 2000). An FDCPA plaintiff must therefore

     present some evidence that the letter would confuse a significant fraction of the population. To prevail

     at the summary judgment stage, an FDCPA plaintiff must do more than merely speculate about how

     a naive debtor would interpret the letter. **Id**. at 1061. A plaintiff's own self serving deposition

     testimony that the letter was confusing does not create a genuine issue as to whether others in that

     population would believe the same thing. **Id** at 1062. Instead to create a genuine issue for trial, under

**Pettit**, a plaintiff must present expert testimony, the opinions of an objective observer, or survey evidence or testimony tending to show that a significant fraction of the population would be confused. **Id**. A plaintiff who offers nothing more than their own testimony that they were confused by a collection letter does not create a genuine issue for trial, <u>and on this basis alone, summary judgment is proper</u>. **Id**.

3.   In the case at bar, TAYLOR admits that she has no expert testimony indicating that CAVALRY's collection letter, was confusing. She has no objective observers, other than the herself, indicating that CAVALRY's collection letter was confusing. Further, she has no survey evidence or testimony indicating that CAVALRY's collection letter was confusing. From TAYLOR's admissions, it is apparent that the only evidence she has indicating that CAVALRY's collection letter was confusing is her own self-serving testimony that she was confused by the letter. Under **Petit**, TAYLOR fails to create a genuine issue of material fact as to whether a significant fraction of the population would have been confused by CAVALRY's letter. Consequently, TAYLOR cannot possibly establish that CAVALRY's collection letter is likely to confuse the "unsophisticated consumer" to withstand Summary Judgment. <u>On this basis alone, summary judgment must be granted</u>.

WHEREFORE, Defendant, CAVALRY INVESTMENT, LLC , respectfully requests that Summary Judgment be entered in its favor on Counts I and II under Rule 56.

CAVALRY INVESTMENTS, LLC

By: _____

David Cybak, for Robert Cybak & Associates,
Attorneys for CAVALRY INVESTMENTS, LLC

2

RECEIVED

JAN 3 1 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Donna T. Taylor, individually and on )
behalf of all others similarly situated, )
                                 )
      Plaintiff, )
                                   )
     v. )      **No. 02C 0786**
                                   )
Cavalry Investment, LLC, a Delaware )
limited liability company, )      **JUDGE MORAN**
                                   )
      Defendant. )     <u>Jury Demanded</u>

CLASS ACTION COMPLAINT ~~MAGISTRATE JUDGE BOBRICK~~

     Plaintiff, Donna T. Taylor, individually and on behalf of all others similarly

situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, <u>et seq.</u> ("FDCPA"), for a declaration that the form of Defendant's debt collection

letter violates the FDCPA, and to recover damages by reason of Defendant's violations

of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

     1.     The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the

FDCPA, and 28 U.S.C. § 1331.

     2.     Venue is proper in this District because the acts and transactions

occurred here, Plaintiff resides here, and Defendant transacts business here.

     3.     Plaintiff, Donna T. Taylor, is a citizen of the State of Illinois residing in the

Northern District of Illinois from whom Defendant attempted to collect a consumer debt

allegedly owed originally to "Bank One".

1


Ex. "A"

4.     Defendant, Cavalry Investments, LLC, is a Delaware limited liability company ("Cavalry"), which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails to collect, or attempt to collect, consumer debts in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

5.     Defendant sent Plaintiff Taylor an initial form collection letter, dated February 23, 2001, demanding payment for a consumer debt that she allegedly owed originally to Bank One.  This letter was sent within one year of this Complaint and is attached as Exhibit A.

6.     The statements in Defendant's form collection letter are to be interpreted under the "unsophisticated consumer" standard.  (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

### COUNT I
### Violation of § 1692g –
### Overshadowing the Validation Notice

7.     Plaintiff adopts and realleges ¶¶ 1-6.

8.     Section 1692g of the FDCPA requires that Defendant's first communication to a consumer include an effective validation notice, i.e., notice that the consumer has 30 days to request, in writing, that the debt collector provide proof of the debt's validity to the consumer.

9.     Although Defendant's initial form collection letter contained the statutorily required notice, other language in Defendant's form debt collection letter overshadowed, and thus rendered ineffective, the validation notice.  Specifically,

2

Defendant's demand that Plaintiff "[a]ct now to satisfy this debt" overshadows, and thus renders ineffective, the validation notice because it confuses unsophisticated consumers as to whether they must act immediately, *i.e.*, "now", or whether they have 30 days to dispute the validity of the alleged debt. (See, Bartlett, 128 F.3d at 501; Chauncey, 118 F.3d at 519; Avila, 84 F.3d at 226). Defendant's collection letter thus violates §1692g of the FDCPA.

10.     Defendant's violation of §1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

**COUNT II**
**Violation of § 1692g(a)(1) –**
**Failure to State Adequately the Amount of the Debt**

11.     Plaintiff adopts and realleges ¶¶ 1-6.

12.     Section 1692g(a)(1) of the FDCPA requires that a debt collector provide the consumer with a statement of the amount of the debt. Although Cavalry's form debt collection letter states, a "TOTAL BALANCE DUE" of $2,314.13, it then later states that "YOUR ACCOUNT BALANCE MAY BE PERIODICALLY INCREASED DUE TO THE ADDITION OF ACCRUED INTEREST OR OTHER CHARGES...". Thus, a consumer has no idea of the amount of the debt Defendant is attempting to collect because the letter fails to inform the consumer whether the "TOTAL BALANCE DUE" is as of the date of the letter, and fails to inform the consumer of the date from which the additional interest or other charges are accruing. (See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872 (7th Cir. 2000); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 198 F.R.D. 503 (N.D.Ill. 2001); Wilkerson v.

3

Bowman, 200 F.R.D. 605 (N.D.111. 2001)). Defendant's form debt collection letter thus violates § 1692g(a)(1) of the FDCPA.

13. Defendant's violation of §1692g(a)(1) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## CLASS ALLEGATIONS

14. Plaintiff, Donna T. Taylor, brings this action individually and as a class action on behalf of all similarly situated Illinois residents from whom Defendant attempted to collect a consumer debt, allegedly owed originally to Bank One, from one year before the date of this Complaint to the present, via the same form collection letter it sent Plaintiff, which is attached as Exhibit A. This action seeks a declaration that the form of Defendant's collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

15. Defendant regularly engages in debt collection using the same form letter received by Plaintiff in its attempts to collect from other persons.

16. The Class consists of more than 35 persons from whom Defendant attempted to collect consumer debts by sending other consumers the same form letter it sent Plaintiff Taylor.

17. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and

*23(b)(3)* predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. The prosecution of separate actions by individual members of the Class

*23(b)(1)(A) +(B)*

4

would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

19.    Plaintiff Taylor will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

### PRAYER FOR RELIEF

Donna T. Taylor prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Donna T. Taylor as representative of the class, and her attorneys as class counsel;

3.    Declare that the form of Defendant's collection letter violates the FDCPA;

4.    Enter judgment in favor of Plaintiff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.    Grant such further relief as deemed just.

5

## JURY DEMAND

Donna T. Taylor demands trial by jury.

Donna T. Taylor, individually and on
behalf of all others similarly situated

_____
One of Plaintiff's Attorneys

Dated: January 31, 2002

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

P.O. BOX 80127
PHOENIX, AZ 85060

Address Service Requested

February 23, 2001

P.O. BOX 80127
PHOENIX, AZ 85060
(602) 667-0128

DONNA T TAYLOR
7354 S KING DR
#1
CHICAGO, IL 60619-1728

| | |
|---|---|
| ACCT# | 00194909 |
| REF | OSI - BANK ONE |
| LOAN# | 851100000037863 |

| | |
|---|---|
| PRINCIPAL BALANCE | $ 1,802.90 |
| INTEREST | $  511.23 |
| ACCRUED INTEREST | $   0.00 |
| OTHER CHARGES | $   0.00 |
| TOTAL BALANCE DUE | $ 2,314.13 |

Dear DONNA T TAYLOR:

Cavalry Investments, LLC purchased your account from OSI - BANK ONE.

It is important that you:

   ❋ CONTACT US TO ARRANGE REPAYMENT TERMS.

   ❋ FORWARD ALL FUTURE PAYMENTS TO THE ABOVE ADDRESS IN ORDER TO
     INSURE PROPER CREDIT AND AVOID DELAYS IN PAYMENT POSTING

You may speak to an Account Representative to resolve your account by calling MR HAERTEL @ 1-888-689-7256. Act now to satisfy this debt.

Unless you notify us in writing within thirty (30) days after the receipt of this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

If you notify us in writing within thirty (30) days after the receipt of this notice that you dispute the debt or any portion thereof, we will obtain verification of the debt or we will mail you a copy of the judgment.

If you request in writing within thirty (30) days after the receipt of this notice, the name and address of the original creditor will be provided to you.

YOUR ACCOUNT BALANCE MAY BE PERIODICALLY INCREASED DUE TO THE ADDITION OF ACCRUED INTEREST OR OTHER CHARGES AS PROVIDED IN YOUR AGREEMENT WITH YOUR CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.

------------------------------PLEASE DETACH AND RETURN THIS PORTION IN THE ENCLOSED ENVELOPE------------------------------

DONNA T TAYLOR
7354 S KING DR
#1
CHICAGO, IL 60619-1728

| | |
|---|---|
| ACCT# | 00194909 |
| REF | OSI - BANK ONE |
| LOAN# | 851100000037863 |

| | |
|---|---|
| PRINCIPAL BALANCE | $ 1,802.90 |
| INTEREST | $  511.23 |
| ACCRUED INTEREST | $   0.00 |
| OTHER CHARGES | $   0.00 |
| TOTAL BALANCE DUE | $ 2,314.13 |



CAVALRY INVESTMENTS, LLC
P.O. BOX 80127
PHOENIX, AZ 85060

Enter Amount Enclosed: $ _____

EXHIBIT

A

JL9D.CIL009.2.02/22/018.00060 00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## SUMMONS IN A CIVIL CASE

Donna T. Taylor, individually and on behalf
of all others similarly situated,
Plaintiff,

02C  0786

Docket Number: _____

Assigned Judge: __JUDGE MORAN__ _1843_

v.

Designated
Magistrate Judge **MAGISTRATE JUDGE BOBRICK**

Cavalry Investment, LLC, a Delaware
limited liability company,
Defendant

TO: Cavalry Investment, LLC
C/O Any officer, director or other person
authorized to accept service of process
3033 N. 44th Street
Suite 330
Phoenix, AZ 85018
Attn: Andrew Zaro, President and CEO

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

David J. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900

an answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS

JAN 3 1 2007

_____
Michael W. Dobbins, Clerk

_____
Date

DONNA DRAG

_____
(by) Deputy Clerk

DONNA TAYLOR, individually and on behalf of all
others similarly situated,                          )
                                                    )
                                                    )
                            Plaintiffs,             )
                                                    )      No.    02 C 0768
            vs.                                     )
                                                    )      Judge Moran
CAVALRY INVESTMENT, L.L.C., a Delaware              )
Limited Liability Company,                          )      Magistrate Bobrick
                                                    )
                            Defendant.              )

RE~~~~ ~D

FEB 2 8 2002

MICHAEL ___ ___
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

To:  David J. Philipps
     Mary E. Phillips
     Gomolinski & Phillips, Ltd.
     8855 S. Roberts Rd.
     Hickory Hills, IL 60457

**PLEASE TAKE NOTICE** that on February 28, 2002, CAVALRY INVESTMENT, L.L.C., filed with the

Clerk of the Court, United States District Court, Northern District of Illinois, Eastern Division, the following

document(s) in the above-captioned case, a copy of which is attached:

   •        **Answer**

                                            By: _____
                                                Robert Cybak,
                                                For Robert Cybak & Associates

## PROOF OF SERVICE BY MAIL

I, Robert Cybak, an attorney, certify that I served a copy of the above described documents(s) upon

the above listed attorney(s) by mailing a copy to the above-referenced address, by depositing a copy of the

same in the U.S. Mail at 33 N. LaSalle Street, Chicago, Illinois, properly addressed, stamped and sealed

on February 28, 2002, at 5:00 p.m.

                                            _____
                                                Robert Cybak

Robert Cybak, #0566969
Robert Cybak & Associates
Attorneys for CAVALRY INVESTMENT, L.L.C.
33 N. LaSalle, Suite 1930
Chicago, IL  60602-2603
(312) 236-3580

Ex. "B"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DONNA TAYLOR, individually and on behalf of all ) 
others similarly situated, )
)
                         Plaintiffs, )
)
          vs. )
)
CAVALRY INVESTMENT, L.L.C., a Delaware )
Limited Liability Company, )
)
                Defendant. )

RECEIVED

No.    02 C 0768    FEB 2 8 2002

Judge Moran

Magistrate Bobrick

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## ANSWER

Defendant, CAVALRY INVESTMENT, L.L.C. ("CAVALRY"), in Answer to plaintiff's Complaint, states
as follows:

1.     CAVALRY admits this Court's jurisdiction.

2.     CAVALRY admits the allegations in paragraph 2.

3.     CAVALRY admits the allegations in paragraph 3.

4.     CAVALRY admits the allegations in paragraph 4.

5.     CAVALRY admits sending plaintiff a collection letter dated February 23, 2001 demanding

        payment of a consumer debt plaintiff owned BANK ONE. CAVALRY admits the remaining

        allegation in paragraph 5.

6.     CAVALRY admits the unsophisticated consumer standard is applied in the 7th Circuit.

## COUNT I

7.     CAVALRY re-states and adopts by reference herein its prior answers to paragraphs 1-6, as

        its answer to paragraph 7.

8.     CAVALRY admits that §1692g of the FDCPA requires a validation notice in the first

        communication to a debtor regarding collection of the debt.

9.     CAVALRY admits its initial communication letter contains the statutorily required validation

        notice; CAVALRY denies other language in its collection letter overshadowed the validation

        notice rendering it ineffective; CAVALRY denies that "act now to satisfy this debt"

overshadows and renders the validation notice ineffective, and that it confuses an unsophisticated consumer as to whether he must act immediately or surrender the right to have the debt validated within 30 days; CAVALRY denies its letter violates §1692g.

10.     CAVALRY denies the legal conclusions in paragraph 10, and each of them.

### COUNT II

11.     CAVALRY re-states and adopts by reference herein its prior answers to paragraphs 1-6 OF Count I as its answer to paragraph 11 of Count II.

12.     CAVALRY admits §1692g(a)(1) of the FDCPA requires a statement of the "amount of the debt." CAVALRY admits its collection letter contains the language alleged. CAVALRY denies the remaining allegations in paragraph 12 and each of them. CAVALRY denies that the cases cited in paragraph 12 are factually similar to the case at bar, or support plaintiff's proposition in paragraph 12.

13.     CAVALRY denies the legal conclusions in paragraph 13, and each of them.

14.     CAVALRY admits that plaintiff brings this action individually and purportedly on behalf of similarly situated persons in Illinois from whom CAVALRY attempted to collect debts originally due BANK ONE, and that plaintiff is seeking a declaration and damages under §1692k(a)(2) of the FDCPA.

15.     CAVALRY admits the allegations in paragraph 15.

16.     CAVALRY neither admits nor denies the allegations in paragraph 16 for lack of knowledge or information, and demands proof thereof.

17.     CAVALRY neither admits nor denies the allegations in paragraph 17 for lack of knowledge or information, and demands proof thereof.

18.     CAVALRY neither admits nor denies the allegations in paragraph 18 for lack of knowledge or information, and demands proof thereof.

19.     CAVALRY neither admits nor denies the allegations in paragraph 19 for lack of knowledge or information, and demands proof thereof.

WHEREFORE, CAVALRY INVESTMENT, L.L.C. requests this Honorable Court to deny plaintiff any of the relief requested in sections 1 through 5, inclusive, of the prayer for relief, to dismiss plaintiff's claims, and to assess costs thereof to plaintiff.

CAVALRY INVESTMENT, L.L.C.

By: _____

Robert Cybak, for
Robert Cybak & Associates

Robert Cybak, #0566969
Robert Cybak & Associates
Attorneys for CAVALRY INVESTMENT, L.L.C.
33 N. LaSalle, Suite 1930
Chicago, IL 60602-2603
(312) 236-3580

3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DONNA TAYLOR, individually and on behalf
of all others similarly situated,

                     Plaintiffs,

vs.

CAVALRY INVESTMENT, L.L.C. a Delaware
Limited Liability Company,

                     Defendant.

No. **02 C 0786**

Judge Moran

Magistrate Bobrick

To:    David Phillips
        Gomolinski & Phillips, Ltd.
        8855 S. Roberts Road
        Hickory Hills, IL 60457

### REQUEST TO ADMIT

        Pursuant to FRCP 36, within 30 days hereof you are requested to admit the truth of the following facts:

        1. That at the time of filing the Complaint herein Plaintiff had no expert testimony indicating that Ex. "A", attached to Plaintiff's Complaint was confusing.

        2. That at the time of filing the Complaint herein Plaintiff had any objective observers, other than the Plaintiff, indicating that Ex. "A" attached to Plaintiff's Complaint was confusing.

        3. That at the time of filing the Complaint herein, Plaintiff had no evidence in the form of survey, evidence or testimony indicating that Ex. "A", attached to Plaintiff's Complaint was confusing.

By:                            
                Robert Cybak for
                Simpson & Cybak
                Attorney for Cavalry Investment, L.L.C.



## PROOF OF SERVICE BY MAIL

I, Robert Cybak, an attorney, certify that I served this Request to Admit, to the foregoing attorneys by depositing them in the U.S. Mail at 33 N. LaSalle Street, Chicago, Illinois, with proper postage prepaid on **March 14, 2002.**

Robert Cybak

Robert Cybak for
Simpson & Cybak
ARDC#0566969
33 N. LaSalle Street, Suite 1930
Chicago, Illinois 60602
(312) 236-3580